# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| C.J. TREFRY,<br><br>      Plaintiff<br><br>      v.<br><br>DIANA K. TRACY, *et al*,<br><br>      Defendants. | 1:14-cv-00044-NT |

## OPINION AND ORDER

Plaintiff C.J. Trefry filed suit against Defendants, predominantly employees of the Maine Department of Health and Human Services, complaining of the loss of food stamps and asking that this Court order the return of food stamps to Plaintiff and her minor daughter, among other things. Plaintiff also filed a Motion for Preliminary Injunction. Now pending before the Court are the Motion for Preliminary Injunction and Defendants' Motion to Dismiss the Complaint.[1]

### PROCEDURAL BACKGROUND

Plaintiff filed suit, *pro se*, on February 4, 2014. With her Complaint (ECF No. 1), Plaintiff filed a Motion for Preliminary Injunction (ECF No. 4) asking the Court to order that she continue to receive food stamps while the issue of her eligibility for the stamps is litigated in this Court. The Court authorized her petition to proceed in forma pauperis on February 6. Although the primary focus of Plaintiff's action is to

---

[1] On April 29, 2014, the Court referred the motions for report and recommended decision pursuant to 28 U.S.C. § 6(b) to Judge Nivison, who entered an order of recusal on May 16, 2014, apparently at the suggestion of the Plaintiff. *See* Mot. to Expedite J. (ECF No. 16).

challenge state administrative decisions and state court decisions on appeal from that administrative action, it also appears that Plaintiff wishes to litigate in this Court some manner of claim against the State of Michigan for "unlawful detainment," though neither Michigan nor any officer or other representative of the State of Michigan is a named defendant in this action.

On March 11, 2014, Defendants agreed to accept service of the Complaint and Motion for Preliminary Injunction. (ECF No. 10). On March 25, 2014, Defendants filed their Motion to Dismiss. (ECF No. 11). On May 12, 2014, Plaintiff filed her "second" Motion to Expedite Judgment. (ECF No. 16).

**FACTUAL BACKGROUND**

The facts set forth herein are derived from Plaintiff's Complaint, which facts are deemed true when evaluating the Motion to Dismiss.[2] The facts may also be informed by the exhibits attached to Plaintiff's Complaint, which include the Department's January 22, 2014 "Decision after Hearing" (ECF No. 1-3), authored by Defendant Tamra Longanecker, Administrative Hearing Officer; Plaintiff's May 26, 2011 "Request to Appeal," evidently filed by Plaintiff in the Maine Superior Court (ECF No. 1-2); and various correspondence between Plaintiff and the Department and between Plaintiff and the York County Superior Court. *See Freeman v. Town of Hudson*, 714 F.3d 29, 35 (1st Cir. 2013) ("On a motion to dismiss, a court ordinarily may only consider facts alleged in the complaint and exhibits attached thereto[.]").

---

[2] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review for a motion to dismiss.

On April 26, 2011, James D. Bivins, Esq., Chief Administrative Hearing Officer for the Department of Health and Human Services, wrote Plaintiff regarding "request for hearing" and indicated that he denied her request for a hearing for reasons stated in a letter of March 30, 2011, which is not made part of the record. (ECF No. 1-6). On May 26, 2011, Plaintiff requested an appeal to "across the board cuts to food stamps" in a letter/pleading directed to the Maine Superior Court. In that letter, Plaintiff noted that she had not taken the opportunity to request an administrative hearing in the matter because she could not fit it in with her parenting obligation and then discussed in general terms the challenges that parenthood creates for the pro se litigant. (ECF No. 1-2). On July 27, 2011, the Clerk of the York County Superior Court wrote a letter to Plaintiff, possibly in response to the May 26, 2011 letter, stating that the "document" was being returned "because it is unclear . . . how you want to proceed or what your objective is." (ECF No. 1-6).

Years later, the Department provided Plaintiff with an administrative hearing on January 7, 2014, with Administrative Hearing Officer Longanecker presiding "by special appointment from the Commissioner, Department of Health and Human Services." Decision After Hr'g 1, ECF No. 1-3. In her Decision After Hearing, Longanecker noted that the Department determined Plaintiff's household to no longer be eligible for federal food supplement benefits effective November 1, 2013. (*Id*). In her findings of fact, Longanecker found that Plaintiff was receiving food stamps prior to that date for the benefit of herself and her daughter, but that stamps were discontinued upon an October 2013 eligibility review at which it was determined

that Plaintiff's son, age 20, was also living in the residence and was earning income in excess of the limit for food stamp eligibility. (*Id.* 2, ¶¶ 1-6). Longanecker upheld the eligibility determination and articulated her reasons. (*Id.* 3-4).

In her Complaint before this Court, Plaintiff explains that she remains unemployed, but does not receive unemployment assistance or other benefits from the State of Maine because she moved here from Michigan, though she acknowledges that she has received food stamps. Plaintiff indicates that even with food stamps she receives "way too small financial payment for [her] job-seeking efforts, and the sharing of [her] intellectual property." (Compl. 2). She believes her family is being discriminated against for living an alternative lifestyle and wants the problem of having adequate food and water solved, not just for her own benefit, but so that "we are all in a better position to handle global warming." (*Id.* 3). According to Plaintiff, she does not know how broadly to fashion her complaint, but knows that the Food Stamp Act is a federal program and "that there is an employment discrimination issue." (*Id*). She asks that food stamps be returned to her family, that the matter be litigated in this Court in the meantime, and that the Court help her to sue Michigan "for a lot of money, and/or obtain a very large check for [her] services to Michigan." (*Id*).

In a Good Cause Argument for Food Stamps, attached to the Complaint, Plaintiff argues that it is unfair to base her household income on earnings made by her son because, in her view, it hurts his ability to be independent and he should not be responsible for supporting his mother and sister. Plaintiff also argues, among

other things, that this litigation imposes an undue burden on her household and, because she cannot afford or find a lawyer, requires her "continued consumption of her intellectual property without appropriate payment to her." (ECF No. 1-1).

In her Motion for Preliminary Injunction, Plaintiff repeats many of her allegations and requests that food stamps be provided while this matter is being reviewed in Court. (ECF No. 4).

## DISCUSSION

Defendants' Motion to Dismiss is premised on Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants argue that the Court should abstain from exercising jurisdiction over Plaintiff's action, pursuant to *Burford v. Sun Oil Company*, 319 U.S. 315 (1943), because there is a statutory and regulatory scheme that affords Plaintiff state administrative remedies and state court judicial review. (Mot. to Dismiss 1-2 & n.1).

### A. Standard of Review

Pursuant to Rule 8(a)(1) of the Federal Rules of Civil Procedure, every complaint must state the basis for the court's exercise of jurisdiction. "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, ___ U.S. ___, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citation omitted). But when it is evident that jurisdiction exists,

5

"federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) (quoting *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976)). Federal courts "have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *Cohens v. State of Virginia*, 19 U.S. 264, 404 (1821).

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an action on the ground that the court lacks jurisdiction to rule on the subject matter of the action. Additionally, courts have an independent duty to evaluate the existence of subject matter jurisdiction *sua sponte*. Generally, dismissal based on the absence of subject matter jurisdiction is without prejudice to the plaintiff's right to pursue the claim in state court. *U.S. ex rel. Poteet v. Bahler Med., Inc.*, 619 F.3d 104, 115 (1st Cir. 2010).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal if that party believes that the complaint fails "to state a claim upon which relief can be granted." Judgment based on such a motion presumes the existence of subject matter jurisdiction and the resulting dismissal is with prejudice absent a contrary indication. *U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 241 (1st Cir. 2004). In its assessment of a Rule 12(b)(6) motion, the Court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). To overcome such a motion, Plaintiff must establish that her allegations

raise a plausible basis for a fact finder to conclude that Defendants are legally responsible for Plaintiff's claims. *Id.*

B. **The Parties' Positions**

Defendants assert that the Court should abstain from exercising jurisdiction, describing Plaintiff's action as "an inappropriate attempt to obtain federal court review of an adverse decision by a state agency." (Mot. to Dismiss 2). They base their argument on *Burford v. Sun Oil Company*, 319 U.S. 315 (1943), and analyze the case according to the *Burford* jurisdictional standard. (*Id.* 6-13).

In response, Plaintiff maintains that her action is about more than getting "federal court review," and asserts that the issue "is whether there is a system in place which adequately gathers AND reimburses systems feedback from the peons it was designed to assist toward jobs and job conditions that will be more supportive of government's compelling interests." (Pl's Resp. 1, ECF No. 12). Among other concerns voiced by Plaintiff, is her concern that the unavailability of free legal counsel to represent her at the Department's administrative hearings, coupled with the unavailability of public monies to pay her directly for her own legal education or self-representation amount to a denial of due process. (*Id.* 2). Plaintiff also addresses her particular frustration with the food stamps eligibility determination—that as a matter of public policy her son should not be automatically treated as part of her household simply because he boards in her home. (*Id.* 2-3). She asserts that a need for "a federal review of food stamp policy may be in order." (*Id.* 3). Plaintiff wishes

7

to reserve the right to amend her Complaint and suggests that a section 1983 action "may be reasonable." (*Id*).

In reply, Defendants note that any available free legal services must be sought out by Plaintiff in the context of the food stamp program, i.e., that there is no federal right to the appointment of counsel. (Reply 1-2, ECF No. 15). They also address the merits of Plaintiff's chief complaint about the underlying eligibility determination, noting that federal regulations required the State to treat Plaintiff's son as part of her household for income computation purposes. (*Id.* 2-3, citing 7 C.F.R. § 273.1(b)(ii)). As for Plaintiff's reference to 42 U.S.C. § 1983, Defendants observe that the Plaintiff's allegations are not sufficient to identify an actionable deprivation. (*Id.* 4).

**C.     Discussion**

The food stamp program is a federally-funded program run under the auspices of the Department of Agriculture, but administered locally by the states pursuant to the Supplemental Nutrition Assistance Program, 7 U.S.C. §§ 2020 *et seq.* ("SNAP"). The SNAP Act places responsibility for "certifying applicant households and issuing EBT cards" with each participating state, *id.* § 2020(a)(1), and establishes that each state's "plan of operation" provide certain statutorily mandated services and other services as required by regulation, *id.* § 2020(e). Among the required services are "a fair hearing and a prompt determination thereafter to any household aggrieved by the action of the State agency under any provision of its plan of operation as it affects the participation of such household in the supplemental nutrition assistance

8

program." *Id.* § 2020(e)(10). The Act also requires that the states comply with civil rights law in the administration of their respective programs. *Id.* § 2020(c). Failure to comply with these and other statutory requirements exposes a state to a suit by the Attorney General in federal court, *id.* § 2020(g), but there is no similar provision authorizing enforcement actions by private citizens. Consequently, the SNAP Act does not authorize this Court to exercise jurisdiction over Plaintiff's private action seeking a change in federal and state food stamp policy.

Furthermore, as argued by Defendants and as thoroughly explained by Judge Singal in *Kilroy v. Mayhew*, 841 F. Supp. 2d 414 (D. Me. 2012), in the specific context of an action complaining of a state administrative determination related to food stamp eligibility, it is appropriate under the *Burford* doctrine for the Court to abstain from the exercise of jurisdiction to the extent that some theoretical basis may exist in federal law for this Court to exercise jurisdiction over such a claim. *See id.* 419-424.

Plaintiff otherwise raises the idea that perhaps her claim arises under the Civil Rights Act, specifically 42 U.S.C. § 1983. Although section 1983 affords a cause of action to private individuals and therefore could provide a jurisdictional basis for this Court to act, it does not confer upon plaintiffs any substantive rights. *County of Sacramento v. Lewis,* 523 U.S. 833, 842 n. 5 (1998); *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979). Consequently, to state a civil rights claim, Plaintiff must identify another federal statute or a constitutional provision that affords her a right she might vindicate through a section 1983 action. On this issue, Plaintiff mentions due process and employment discrimination in her Complaint.

With respect to due process, what Plaintiff proposes is that individuals challenging food stamp eligibility determinations receive free legal counsel or that such individuals be paid directly by the government for the time they spend representing themselves. However, Plaintiff does not identify, nor is this Court aware of, any federal law or federal court precedent that supports either of these novel theories. As for employment discrimination, Plaintiff again fails to identify any federal law or precedent that could support a plausible inference that she was an employee of the Maine Department of Health and Human Services, let alone an act of Congress that would authorize her to maintain an employment discrimination claim in federal court on the facts she has alleged. Because Plaintiff is a *pro se* litigant, this Court has reviewed her complaint subject to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, in this instance Plaintiff simply fails to identify any legitimate basis for a finding that Defendants subjected Plaintiff to an injury for which either section 1983 or a federal anti-discrimination statute provides a remedy.

## CONCLUSION

Accordingly, the Plaintiff's Motion for Preliminary Injunction (ECF No. 4) is DENIED; the Defendants' Motion to Dismiss (ECF No. 11) is GRANTED; the Plaintiffs' food stamp claim and employment discrimination claim are DISMISSED,

without prejudice, for lack of subject matter jurisdiction; and Plaintiff's section 1983 due process claim is DISMISSED, with prejudice, for failure to state a claim.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 22nd day of May, 2014.